IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHESTER ADAMS, )<br>)<br>    Movant, )<br>) <br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. ) | Cv. No. 2:20-cv-02738-SHL-atc<br>Cr. No. 2:97-cr-20267-01-SHL |

**ORDER DENYING DEFAULT JUDGMENT (ECF NO. 11), GRANTING LEAVE TO AMEND IN PART, GRANTING MOTION PURSUANT TO 28 U.S.C. § 2255 AS TO CLAIM 2, VACATING AND CORRECTING CRIMINAL JUDGMENT, DISMISSING REMAINING § 2255 CLAIMS, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241) ("§ 2241 Petition" and "§ 2255 Motion"), filed by Movant Chester Adams, Bureau of Prisons register number 16255-076, an inmate at the United States Penitentiary Victorville in Adelanto, California (ECF No. 1); the Government's Response to Defendant's Motion Under 28 U.S.C. § 2255 ("Answer") (ECF No. 10); Adams's motion for a default judgment (ECF No. 11); and Adams's amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Amended § 2255 Motion") (ECF No. 12).  For the reasons stated below, the Court **DENIES** default judgment; **GRANTS** leave to amend as to Claim 4 and otherwise **DENIES** leave to amend; **GRANTS** relief on Claim 2, which challenges Adams's conviction on Count 4 of the superseding indictment; and **VACATES** the criminal judgment.  The Court will enter an amended judgment

in the criminal case correcting that error. The Court also **DENIES** the remaining claims in the § 2255 Motion.

I.     BACKGROUND AND PROCEDURAL HISTORY

   A.     Criminal Case No. 2:97-cr-20267

On December 16, 1997, a federal grand jury in the Western District of Tennessee returned a twenty-six-count indictment against Adams. (Criminal ("Cr.") ECF No. 1 (sealed).) The grand jury returned a twenty-six-count superseding indictment on June 25, 1998. (Cr. ECF No. 36 (sealed).) Counts 1, 7, 15, 19, and 21 charged Adams with carjacking, in violation of 18 U.S.C. § 2119. Count 3 charged Adams with an attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951. Counts 5, 9, 11, 17, and 23 charged Adams with Hobbs Act robbery, in violation of 18 U.S.C. § 1951. Counts 2, 4, 6, 8, 10, 12, 16, 18, 20, 22, and 24 charged Adams with using and carrying a firearm during and in relation to the crimes of violence charged in Counts 1, 3, 5, 7, 9, 11, 15, 17, 19, 21, and 23, respectively. Counts 13, 14, and 25 charged Adams, a convicted felon, with possession of a firearm, in violation of 18 U.S.C. § 922(g). Count 26 charged Adams, a convicted felon, with possession of ammunition, in violation of 18 U.S.C. § 922(g).

A jury trial commenced on July 21, 1998. (Cr. ECF No. 42.) On July 24, 1998, the jury returned guilty verdicts on all counts. (Cr. ECF Nos. 46, 48.) At a hearing on September 25, 1998, then-Chief United States District Judge Julia S. Gibbons sentenced Adams to life imprisonment plus two hundred five years, to be followed by a three-year period of supervised release. (Cr. ECF No. 55.)[1] The Court also imposed restitution in the amount of $23,899.54.

---

[1] Adams was sentenced to life on Counts 13, 14, 25, and 26, to concurrent terms of 180 months on Counts 1, 7, 15, 19, and 21, and to concurrent terms of 240 months on Counts 3, 5, 9, 11, 17, and 23. Adams was sentenced to 5 years on Count 2 and to 20 years on Counts 4, 6, 8, 10, 12, 16, 18, 20, 22, and 24, with these sentences to run consecutively to each other and to the life sentence. (*Id.*)

(*Id.*)  Judgment was entered on October 2, 1998.  (Cr. ECF No. 56 (sealed).)  The United States Court of Appeals for the Sixth Circuit reversed Adams's conviction on Count 26 and otherwise affirmed his convictions and sentence.  *United States v. Adams*, 214 F.3d 724 (6th Cir. 2000).

### B. Adams's § 2255 Motion

On June 8, 2020, Adams filed his *pro se* § 2241 Petition and accompanying legal memorandum in the United States District Court for the Central District of California, where his custodian is located.  (ECF No. 1.)  The claims presented are as follows:

1. "Unlawful conviction of 18 U.S.C. § 922(g)(1) in Counts 13, 14, 25, and 26" in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (*id.* at PageID 3; *see also id.* at PageID 3–4, 8–12, 17–22);

2. "Unlawful conviction of violating 18 U.S.C. § 924(c) in Count 4" in light of *Sessions v. Dimaya*, 138 S. Ct. 2251 (2018), and *Hueso v. Barnhart*, 948 F.3d 324 (6th Cir. 2020) (*id.* at PageID 3; *see also id.* at PageID 13–14); and

3. "Defendant was unlawfully convicted of violating 18 U.S.C. § 924(c) on Counts 6, 10, 12, 18, and 24" in light of *Sessions* and *United States v. Chea*, Case Nos. 98-cr-20005-1 CW, 98-cr-40003-2 CW, 2019 WL 5061085 (N.D. Cal. Oct. 2, 2019) (*id.* at PageID 3; *see also id.* at PageID 14–15).

On August 25, 2020, United States District Judge Phillip S. Gutierrez notified Adams of his intention to characterize the § 2241 Petition as arising under 28 U.S.C. § 2255 and advised him that he could either withdraw his § 2241 Petition or consent to the recharacterization.  (ECF No. 3.)  On September 15, 2020, Adams filed a response in which he consented to the recharacterization of his § 2241 Petition as a § 2255 motion, provided additional argument in support of his claims, and also urged that he be granted compassionate release.  (ECF No. 4.)  On September 29, 2020, Judge Rodriguez granted leave to amend, recharacterized the filing as seeking relief under 28 U.S.C. § 2255, and transferred the matter to this district, where the convicting court is located.  (ECF No. 5.)

The matter was docketed in this district as a § 2255 motion on October 1, 2020. (ECF No. 6.) The Court issued an order on December 8, 2020 directing the Government to respond. (ECF No. 9.) The Government filed its Answer on December 28, 2020. (ECF No. 10.) Adams did not file a reply.

On September 20, 2023, Adams filed his motion for a default judgment. (ECF No. 11.) On September 21, 2023, Adams filed his Amended § 2255 Motion, accompanied by a legal memorandum, which the Court construes as a motion seeking leave to amend. (ECF No. 12.)

### C. Pending Motions

#### 1. Motion for a Default Judgment (ECF No. 11)

Adams seeks a default judgment in this matter pursuant to Rule 55 of the Federal Rules of Civil Procedure. However, the motion is meritless for several reasons. First, the Government timely filed its Answer and served a copy on Adams. He does not claim that he did not receive it. Second, default judgments are not available in habeas litigation, *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), and only in certain circumstances against the United States, which are not present here, Fed. R. Civ. P. 55(d). The motion is **DENIED**.

#### 2. Motion for Leave to Amend (ECF No. 12)

Adams's Amended § 2255 Motion presents the following claims:

1. "Conviction [on Counts 13, 14, 25, and 26] obtained through Sixth Amendment 'Elemental Clause' and 'Decriminalized Behavior'" (ECF No. 12 at PageID 37; *see also* ECF No. 12-1 at PageID 49–56);

2. "Decriminalized Behavior" as to Count 4 (ECF No. 12 at PageID 38; *see also* ECF No. 12-1 at PageID 56–61);

3. "Decriminalized Behavior" as to Counts 6, 10, 12, 18, and 24 (ECF No. 12 at PageID 39; *see also* ECF No. 12-1 at PageID 61–63);

4. "Conviction [on Counts 13, 14, 25, and 26] obtained through structural error" (ECF No. 12 at PageID 41); and

4

      5.      "Conviction under a statute that is unconstitutional" as to Counts 4, 6, 8, 10, 12, 16, 18, 20, 22, and 24 (ECF No. 12 at PageID 43).

Most of the claims in the Amended § 2255 Motion are copied verbatim from those in the original § 2255 Motion. The only substantive changes are (i) to Claim 1, which now also seeks relief on the basis of *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022) (ECF No. 12-1 at PageID 54–56); (ii) to Claim 4, which characterizes the alleged *Rehaif* error in Claim 1 of the original and Amended § 2255 Motions as structural error (*id.* at PageID 63–65); and (iii) to Claim 5, which argues that "stacking" the sentences for § 924(c) offenses is unconstitutional (*id.* at PageID 65–66).

      Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." A court can deny leave to amend where there has been undue delay and where the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

      The proposed amendments to Claims 1 and 5 are untimely. Twenty-eight U.S.C. § 2255(f) provides that "[a] 1-year period of limitation shall apply to a motion under this section." In most cases, the running of the § 2255 limitations period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). Here, Adams's conviction became final at the expiration of the time for filing a petition for a writ of certiorari with the United States Supreme Court after the Sixth Circuit's decision on direct appeal in 2000. The § 2255 limitations period expired one year later. Although portions of the original § 2255 Motion are timely because of a

newly issued retroactive Supreme Court decision, *see infra* p. 13 n.6, the *Bruen* claim in Claim 1 and Claim 5 of the Amended § 2255 Motion are untimely.

Specifically, as for Claim 1, Adams's Amended § 2255 Motion (ECF No. 12-1 at PageID 54–56), challenges his § 922(g) convictions on the basis of *Bruen*, which held that the Second Amendment protects an individual's right to carry a handgun for self-defense outside the home. 597 U.S. at 10.  However, Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out— or attempted to be set out—in the original pleading."  In the habeas context, the relevant "conduct, transaction, or occurrence" is not the inmate's trial, conviction, and sentence.  *Mayle v. Felix*, 545 U.S. 644, 661–63 (2005).  Instead, "[a]n amended habeas petition . . . does not relate back (and thereby escape [the Antiterrorism and Effective Death Penalty Act's] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  *Id.* at 650.  However, "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."  *Id.* at 664.

In *Watkins v. Deangelo-Kipp*, 854 F.3d 846 (6th Cir. 2017), the court held that relation back was not appropriate when the original habeas petition alleged that trial counsel was ineffective in failing to investigate and raise an unspecified defense and the amendment alleged that trial counsel was ineffective in failing to seek an additional psychiatric examination.  The Court reasoned that "[c]ounsel's conduct in investigating before trial and presenting a defense to the jury during trial is a distinct 'episode' from counsel's conduct in not requesting that the judge order a fifth psychiatric evaluation during trial."  *Id.* at 850–51.  Here, Adams's claim that

§ 922(g)(1)'s restrictions on firearm possession violate the Second Amendment does not relate back to the remainder of Claim 1, which argues that the jury was not properly instructed about the elements of a § 922(g) offense.

A *Bruen* claim can be addressed under 28 U.S.C. § 2255(f)(3), which provides that the limitations period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Assuming that *Bruen* recognized a new right and that the right is retroactively applicable to cases on collateral review, the statute of limitations began to run on June 23, 2022, the date the decision was issued, *id.* § 2255(f)(3), and it expired one year later, on June 23, 2023. The Amended § 2255 Motion was not received by the Clerk until September 21, 2023, almost three months after the expiration of the limitations period. It is, therefore, untimely.[2] Therefore, an amendment to assert a *Bruen* claim would be futile.

Claim 5, which relies on § 403 of the First Step Act of 2018, is both untimely and meritless. Prior to the First Step Act, the Supreme Court had held that the twenty-five-year mandatory minimum sentence for second or subsequent § 924(c) convictions applied when a defendant was convicted of multiple § 2255 offenses in the same proceeding. *Deal v. United States*, 508 U.S. 129, 135–36 (1993).[3] Section 403(a) reversed *Deal* by providing that a second

---

[2] The Court ordinarily would apply the prison mailbox rule, *Houston v. Lack*, 487 U.S. 266, 276 (1988), which was codified as Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts. However, the applicable date under that rule is indeterminable, as Adams did not sign his Amended § 2255 Motion, did not state when he deposited it in the prison mailing system, and the postmark is illegible. (*See* ECF No. 12 at PageID 46; ECF No. 12-2).)

[3] When Adams was sentenced, the minimum sentence for a second or subsequent conviction was 20 years. 18 U.S.C. § 924(c)(1) (1996).

§ 924(c) conviction can be "stacked" only if the violation "occurs after a prior conviction under this subsection has become final." However, § 403(b) explains that "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*" (emphasis added). Because § 403 of the First Step Act is not retroactive, it is of no assistance to Adams. *United States v. Robinson*, No. 99-CR-80809-04, 2020 WL 3603688, at *2 (E.D. Mich. July 2, 2020). Adams's conviction was final long before the passage of the First Step Act. This change in the statute does not render previous stacked sentences unconstitutional. *United States v. Meehan*, Civil Action No. 11-440-01, 2019 WL 7667331, at *1 n.1 (E.D. Pa. June 5, 2019). In addition, the statutory changes made by the First Step Act do not trigger a new § 2255 limitations period. *See* 28 U.S.C. § 2255(f)(3).

Claim 4, a *Rehaif* claim, relates back to Claim 1, which also relies on *Rehaif*. Leave to amend is **GRANTED** as to Claim 4 and is otherwise **DENIED**. (*See infra* n.4.)

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). Movant has the

burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citations omitted).

## II.   ANALYSIS

### A.   Challenge to the § 922(g) Convictions (Claims 1 & 4)

Claim 1 challenges the Counts 13, 14, and 25 convictions based on *Rehaif*.[4] Claim 4 of the Amended § 2255 Motion characterizes the failure to properly instruct the jury on the elements of a § 922(g) offense to be structural error. (ECF Nos. 12 at PageID 41, 12-1 at PageID 63–65.)

The defendant in *Rehaif* had been convicted of violating 18 U.S.C. § 922(g)(5)(A), which prohibits the possession of firearms by persons who are "illegally or unlawfully in the United States." The penalty provision, 18 U.S.C. § 924(a)(2), refers to persons who "knowingly" violate § 922(g). On appeal, the defendant argued that the trial judge erred in instructing the jury that he did not need to know that he was in the country unlawfully. 139 S. Ct. at 2195. The Supreme Court held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. The Supreme Court explained that,

---

[4] Claim 1, which also challenges Adams's conviction on Count 26, which was vacated by the Court of Appeals, is untimely. "[T]he rule stated in *Rehaif* is a matter of statutory interpretation, not a new rule of constitutional law." *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020) (citation and internal quotation marks omitted). "Therefore the ruling in *Rehaif* does not operate to restart the statute of limitations." *United States v. Brown*, Case No. 3:16-cr-126, 3:20-cv-183, 2020 WL 2395229, at *3 (S.D. Ohio May 12, 2020), *report and recommendation adopted by* 2020 WL 3050204 (S.D. Ohio June 8, 2020), *aff'd*, No. 20-3632, 2021 WL 2470311 (6th Cir. May 21, 2021). However, because the Government has chosen not to raise the affirmative defense of the statute of limitations, the Court will not deny relief on Claim 1 on that basis.

> [w]ith some here-irrelevant omissions, § 922(g) makes possession of a firearm or ammunition unlawful when the following elements are satisfied: (1) a status element (in this case, "being an alien . . . illegally or unlawfully in the United States"); (2) a possession element (to "possess"); (3) a jurisdictional element ("in or affecting commerce"); and (4) a firearm element (a "firearm or ammunition").

*Id.* at 2195–96. The word "knowingly" applies to every element other than the jurisdictional element. *Id.* at 2196.

The Government argues that Adams's claim has been procedurally defaulted. (ECF No. 10 at PageID 12–13.) The Court agrees. A § 2255 motion is not a substitute for a direct appeal. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). "Defendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). *Rehaif* involves a new statutory interpretation rather than a new rule of constitutional law. *Khamisi-El*, 800 F. App'x at 349. As such, the leading decision addressing the availability of collateral relief is *Bousley v. United States*, 523 U.S. 614 (1998), in which a prisoner convicted of violating 18 U.S.C. § 924(c) sought relief under § 2255, arguing that his plea was not intelligent in light of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995), which was issued after his conviction became final. The Supreme Court first noted that, because the inmate did not challenge his guilty plea on direct appeal, his claim had been procedurally defaulted. 523 U.S. at 621. The prisoner could not show cause and prejudice to excuse his default because the claim was not so novel that its legal basis was not reasonably available to counsel. *Id.* at 622–23. The Supreme Court also rejected the inmate's claim that raising the issue would have been futile, noting that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Id.* at 623 (citation and internal quotation marks omitted).

Here, Adams made no argument in his criminal case or on direct appeal that he was unaware that he was a convicted felon. And his claim was not so novel that it could not have been anticipated. The issue has been repeatedly litigated and yet Adams never raised it. In a decision issued shortly after Adams's conviction became final, the Sixth Circuit held that the *mens rea* requirement did not apply to the status element of § 922(g). *United States v. Olender*, 338 F.3d 629, 637 (6th Cir. 2003). An earlier, unpublished Sixth Circuit decision came to the same conclusion. *United States v. Davis*, 27 F. App'x 592, 600 (6th Cir. 2001). That Adams would not have prevailed had he raised the issue provides no cause for his procedural default. Instead, it simply means that the claim was not acceptable in this circuit during the pendency of Adams's criminal case.

An inmate can overcome a procedural default by showing that he is actually innocent. *Bousley*, 523 U.S. at 623. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that . . . it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006) (citation and internal quotation marks omitted). In *Bousley*, the Supreme Court remanded the case to give the inmate the opportunity to show that he was actually innocent. 523 U.S. at 623. However,

> [i]t is important to note in this regard that "actual innocence" means factual innocence, not mere legal insufficiency. In other words, the Government is not limited to the existing record to rebut any showing that petitioner might make. Rather, on remand, the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy and would not normally have been offered before our decision in *Bailey*.

*Id.* at 623–24 (citation omitted).

11

Adams does not allege that he is actually innocent of violating 18 U.S.C. § 922(g). He makes no claim that he was unaware that he was a convicted felon. Instead, he complains that the jury was not instructed that it must find that he knew he was a felon. However, a defendant who is convicted at trial "has the burden of showing that, if the District Court had correctly instructed the jury on the *mens rea* element of a felon-in-possession offense, there is a reasonable probability that he would have been acquitted." *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) (citation and internal quotation marks omitted). This decision makes clear that *Rehaif* error is not structural error, as Adams contends, without support, in Claim 4.

Adams cannot satisfy the *Greer* standard. The evidence is more than sufficient for a jury to conclude that Adams knew that he was a convicted felon. The Presentence Investigation Report ("PSR") reflects that Adams had four prior felony convictions: a 1989 conviction for robbery and three 1989 convictions for aggravated robbery.[5] He received an effective sentence of twelve years for these offenses and was released on parole four days prior to the first robbery at issue here. Adams was sentenced as an armed career criminal due to his four convictions for violent felonies. The fact of his prior convictions is sufficient for a jury to infer that Adams knew that he was a convicted felon. As the Supreme Court has observed, "[i]f a person is a felon, he ordinarily knows that he is a felon. . . . That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon." *Greer*, 141 S. Ct. at 2097; *see also United States v. Conley*, 802 F. App'x 919, 923–24 (6th Cir. 2020) ("rational jurors could reasonably infer knowledge of prohibited status from the proof of the prohibited status itself—that is, the jury

---

[5] Adams's PSR, which was generated in 1998 by the United States Probation Office, is not accessible via the Court's electronic filing system, as is the case with similar documents from the time period.

could infer Conley's knowledge that he had a felony conviction from the bare fact of such a conviction") (internal quotation marks omitted).

Because Adams has not established that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, he cannot overcome his procedural default and his claim is substantively meritless. Claims 1 and 4 are **DISMISSED**.

**B.    Challenge to the § 924(c) Hobbs Act Convictions (Claim 3)**[6]

Claim 3 of the § 2255 Motion challenges Adams's convictions on Counts 6, 10, 12, 18, and 24 on the ground that a completed Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c). Although he does not cite the decision, Adams argues, in effect, that these convictions are invalid in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).[7]

In each of these counts, Adams was convicted of violating 18 U.S.C. § 924(c), which provides as follows:

> [A]ny person who, during or in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A)(i). "Crime of violence" means

> [a]n offense that is a felony and—
>
>    (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

---

[6] In the interest of clarity, the Court will address Claim 3 before Claim 2.

[7] *Davis* is a new, retroactive rule of constitutional law, *In re Franklin*, 950 F.3d 909, 910–11 (6th Cir. 2020), and, therefore, Claim 3 is timely under 28 U.S.C. § 2255(f)(3).

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The decision in *Davis* held that the residual clause, § 924(c)(3)(B), is unconstitutional. Therefore, Adams's conviction on Counts 6, 10, 12, 18, and 24 are valid only if the predicate Hobbs Act crime charged in Counts 5, 9, 11, 17, and 23 is a "crime of violence" under the elements clause of § 924(c)(3)(A).

In Counts 5, 9, 11, 17, and 23, Adams was charged with violating the Hobbs Act, which provides as follows:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires to do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). "[T]he Hobbs Act is a divisible statute that creates two separate offenses, Hobbs Act extortion and Hobbs Act robbery." *United States v. Richardson*, 948 F.3d 733, 741 (6th Cir. 2020) (discussing *United States v. Gooch*, 850 F.3d 285, 291 (6th Cir. 2017)). Adams was charged with Hobbs Act robbery. The statute provides that

> [t]he term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

*Id.* § 1951(b)(1). A Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A). *Richardson*, 948 F.3d at 741 (citing *Gooch*, 850 F.3d at 292; *see also United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018) (same). The Supreme Court's decision in *Davis* does not undermine the validity of *Gooch*. *United States v. Holmes*, 797 F. App'x 912,

14

917–18 (6th Cir. 2019). Aiding and abetting Hobbs Act robbery is also categorically a crime of violence. *Richardson*, 948 F.3d at 741–42.

Because Hobbs Act robbery is a "crime of violence" under 18 U.S.C. § 924(c)(3)(A), Adams's convictions on Counts 6, 10, 12, 18, and 24 stand. Claim 3 is **DISMISSED**.

        C.        **Challenge to the § 924(c) Attempted Hobbs Act Conviction (Claim 2)**

Claim 2 of the § 2255 Motion challenges Adams's conviction on Count 4, arguing that an attempted Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c). Adams's conviction on Count 4 arises from his conviction for attempted Hobbs Act robbery in Count 3.

The Government argues that Claim 2 is meritless. (ECF No. 10 at 12–13.) However, the Answer was filed before the Supreme Court's decision in *United States v. Taylor*, which held that attempted Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c)(3)(A). 142 S. Ct. 2015, 2020–21 (2022). Therefore, the Court **GRANTS** relief on Claim 2.

"If the court finds that . . . the sentence imposed was not authorized by law . . . , the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A court "corrects" a sentence within the meaning of § 2255(b) when, for example, it does "no more than mechanically vacate unlawful convictions (and accompanying sentences)," *United States v. Flack*, 941 F.3d 238, 241 (6th Cir. 2019) (cleaned up) (quoting *United States v. Palmer*, 854 F.3d 39, 48 (D.C. Cir. 2017)), without "a reevaluation of the appropriateness of the defendant's original sentence, *id.* (cleaned up) (quoting *Palmer*, 854 F.3d at 42). That is precisely the case here. As a result, Adams's consecutive twenty-year sentence on Count 4 must be vacated,

15

resulting in a total corrected sentence of life imprisonment plus one hundred eighty-five years.[8] Therefore, the Court **GRANTS** Count 2 of the § 2255 Motion, **VACATES** the criminal judgment, and will enter a corrected judgment sentencing Adams to life imprisonment plus one hundred eighty-five years **in the criminal case**.

\* \* \* \*

For the reasons previously stated, the Court **GRANTS** relief as to Claim 2 and otherwise **DENIES** the § 2255 Motion.  The § 2255 Motion is **DISMISSED WITH PREJUDICE**. Judgment shall be entered for the United States.

## IV.     APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).  The COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. §§ 2253(c)(2) & (3).  No § 2255 movant may appeal without this certificate.

A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

> Where a district court has rejected a constitutional claim on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . .  When the district court denies a

---

[8] After the Sixth Circuit vacated Adams's conviction on Count 26, his sentence remained life plus 205 years, given the consecutive nature of the sentences.  *See Adams*, 214 F.3d at 727–29.

> habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020). "To put it simply, a claim does not merit a certificate unless *every independent reason to deny the claim is reasonably debatable*." *Id.*; *see also id.* ("Again, a certificate is improper if *any* outcome-determinative issue is not reasonably debatable.").

There can be no question that the issues raised in Claims 1 and 3 of Movant's § 2255 Motion are meritless for the reasons previously stated and that Movant is not entitled to a plenary resentencing on Claim 2. Because any appeal by Movant on the issues raised does not deserve attention, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)–(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the

prisoner must file his motion to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith.  It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is **DENIED**.[9]

**IT IS SO ORDERED**, this 28th day of February, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[9] If Movant files a notice of appeal, he must also pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.