**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| CHESTER ADAMS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civ. No. 2:20-cv-02738-SHL-atc |
| | ) | Cr. No. 2:97-cr-20267-01-SHL |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is the motion for reconsideration filed by Movant Chester Adams on April 9, 2024. (ECF No. 15.) For the reasons discussed herein, Movant's motion for reconsideration is **DENIED**.

**<u>BACKGROUND</u>**

On June 25, 1998, a grand jury returned a twenty-six-count superseding indictment against Movant. (Criminal ("Cr.") No. 97-cr-20267-01, ECF No. 36 (sealed).) Adams was charged with carjacking, attempted Hobbs Act robbery, robbery, Hobbs Act robbery, carrying a firearm in relation to previous counts, being a felon in possession of a firearm, and being a felon in possession of ammunition. In July 1998, the jury returned guilty verdicts on all counts. (Cr. ECF Nos. 46, 48.) Adams was sentenced to life imprisonment plus two hundred five years, followed by a three-year period of supervised release. (Cr. ECF No. 55.) The United States Court of Appeals for the Sixth Circuit reversed Adams's conviction on Count 26 and otherwise affirmed his convictions and sentence. <u>United States v. Adams</u>, 214 F.3d 724 (6th Cir. 2000).

In June 2020, Adams filed a pro se § 2241 Petition in the United States District Court for the Central District of California, which was recharacterized as a § 2255 motion and transferred to this District.  (ECF Nos. 4, 5.)  Adams subsequently sought leave to amend, which the Court granted in part.  (ECF No. 13 at PageID 76.)  The Court granted relief on Count 2 and denied relief as to the remaining claims.  In the same order, this Court denied a certificate of appealability, and determined that any appeal would not be taken in good faith.  Leave to appeal in forma pauperis was denied.

On April 9, 2024—forty-one days after final judgment—Adams filed a motion for reconsideration and noted that if reconsideration was not available, he wanted his case escalated to the Court of Appeals.

## ANALYSIS

Federal Rule of Civil Procedure 59(e) authorizes a party to move to alter or amend a judgment within twenty-eight days after entry of the judgment.  Fed. R. Civ. P. 59(e).  "In the Sixth Circuit, a Rule 59(e) motion 'may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.'"  Jackson v. Bd. of Educ. of the Memphis City Schs., No. 07-2497, 2010 U.S. Dist. LEXIS 152541, at *6 (W.D. Tenn. July 13, 2010) (quoting GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)).

Alternatively, under Federal Rule of Civil Procedure 60(b), a court may grant a party relief from a final judgment for one of several reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is

based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; (6) or any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." Info-Hold, Inc. v. Sound Merch., Inc., 538 F.3d 448, 454 (6th Cir. 2008).

This case falls outside the time permitted for relief under Rule 59, as the motion was filed forty-one days after the entry of final judgment—well beyond the twenty-eight-day deadline prescribed by Rule 59(e). Accordingly, the Court construes the motion as one seeking relief under Rule 60(b). But Adams presents no new evidence, intervening change in the law, or other basis warranting relief under Rule 60(b). Because the movant bears the burden of establishing entitlement to such relief, and Adams has failed to do so, the Court finds no basis to grant the motion for reconsideration.

To the extent Adams seeks appellate review of the Court's judgment, such relief is not available through a motion for reconsideration. Any appeal from the final judgment must be pursued by filing a notice of appeal with the United States Court of Appeals for the Sixth Circuit within the time prescribed by the Federal Rules of Appellate Procedure.

For the foregoing reasons, Adams's motion for reconsideration is **DENIED.**

**IT IS SO ORDERED,** this 21st of July, 2026.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE